# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KEITH BERNARD TUCKER,<br><br>    Defendant. | No. 19-CR-2003 CJW<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S GUILTY PLEA** |

## I. INTRODUCTION AND BACKGROUND

On January 23, 2019, a four-count Indictment[1] was filed against defendant. On March 20, 2019, defendant appeared before United States Magistrate Judge Mark Roberts and entered a plea of guilty to all four counts of the Indictment. On March 21, 2019, Judge Roberts filed a Report and Recommendation in which he recommended defendant's guilty plea be accepted. The parties did not file objections to Judge Roberts' Report and Recommendation. The Court, therefore, undertakes the necessary review of Judge Roberts' recommendation to accept defendant's plea in this case.

---

[1] The grand jury returned an indictment against defendant on January 23, 2019. (Doc. 1). The following day, the grand jury returned a superseding indictment against defendant, correcting some language and citation to a code section in relation to Count 3. (Docs. 4 & 5). Defendant was arraigned on the superseding indictment on February 4, 2019. (Doc. 12). A superseding indictment acts to replace a prior indictment. In this case, the Magistrate Judge's Report and Recommendation refers to "indictment" and not "superseding indictment." The Court views the terminology to be immaterial, but out of an abundance of caution convened a conference call with counsel on this date. Both counsel for the government and defendant agreed that the reference to indictment means the superseding indictment. Neither party believed any corrective action was necessary to clarify that defendant's plea was to the superseding indictment. The Court is satisfied that the parties are correct. Thus, the reference to indictment in this Order, and in the Magistrate Judge's Report and Recommendation, is understood to refer to the superseding indictment on which defendant was arraigned.

## II. ANALYSIS

Pursuant to statute, this Court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C).

Where parties make no objections to a magistrate's report and recommendation, the Court reviews the magistrate's report and recommendation for clear error. 28 U.S.C. § 636(b)(1)(A). Similarly, Federal Rule of Criminal Procedure 59(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows:

> The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.

FED. R. CRIM. P. 59(b)(3).[2]

---

[2] United States v. Cortez-Hernandez, 673 F. App'x 587, 590-91 (8th Cir. 2016) (per curiam), suggests that a defendant may have the right to de novo review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed.

In this case, the parties filed no objections, and it appears to the Court upon review that Judge Roberts' findings and conclusions are not clearly erroneous. Therefore, the Court **ACCEPTS** Judge Roberts' Report and Recommendation of March 21, 2019, and **ACCEPTS** defendant's plea of guilty in this case to all four counts of the Indictment.

**IT IS SO ORDERED** this 8th day of April, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa